# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| TTF, LLC | ) ASBCA Nos. 59512, 59514, 59516 |
| | ) |
| Under Contract Nos. SPM4A7-08-C-0416 | ) |
| SPM4A7-08-M-4438 | ) |
| SPM4A7-08-M-4749 | ) |

APPEARANCE FOR THE APPELLANT: Mr. David Storey
President

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
DLA Chief Trial Attorney
Edward R. Murray, Esq.
Trial Attorney
DLA Aviation
Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

These appeals arise under three separate contracts between the Defense Logistics Agency Aviation (DLA Aviation or the government), a field activity of the Defense Logistics Agency, and appellant TTF, LLC (TTF or appellant). The question at the heart of these appeals is whether a contracting officer may issue a final decision absent an affirmative claim by the contractor.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTIONS

1. The Board has issued an Opinion on this same day on a government motion to dismiss three related appeals arising under the same contracts and operative facts as these appeals. Familiarity with the facts in that Opinion is presumed. *See TTF, LLC*, ASBCA Nos. 59511, 59513, 59515, slip op. (5 February 2015). The additional facts below are those pertinent to the captioned appeals.

2. By certified mail on 2 June 2014, appellant sent three claims to the DLA contracting officer (Bd. corr. ltr. dtd. 9 December 2014 at 3).[1] Each of the claims

---

[1] All cites to the correspondence and Rule 4 files are to the correspondence and Rule 4 files in ASBCA Nos. 59511, 59512; ASBCA Nos. 59513, 59514; and ASBCA Nos. 59515, 59516. ASBCA No. 59515 has been dismissed. ASBCA Nos. 59511 and 59513 are not at issue in these motions.

related to one of the three contracts involved in these appeals (59511, 59512, R4, tab 9 at 4, 59513, 59514, R4, tab 10 at 11, 59515, 59516, R4, tab 8 at 8). Each of the claims sought an identical determination from the contracting officer:

> I[n] accordance with the disputes provision of the contract and the Contract Disputes Act, TTF, LLC. hereby request[s] a contracting officer's final decision on the parties['] dispute as follows:
>
> 1. The Contracting Officer[']s Terminated for Default letter dated April 30, 2014 included a premature Contracting Officer's final decision in the cover letter from Susan E. Perkins. At no time nor at any time will or has TTF, LLC. agreed to a shorter time period of 6 years for the Contractor to file a claim. TTF, LLC request[s] relief from this inappropriate government imposed timeline which in fact would be no earlier than [ASBCA Nos. 59512, 59514: 19 May 2020; ASBCA No. 59516: 9 May 2020] allowing for the 6 years, that TTF, LLC may file a claim.

3. By letters dated 14 August 2014 and postmarked 18 August 2014, appellant submitted notices of appeal from the "decision (or failure of a decision) sent to the [contracting officer on] 2 June 2014" (59511, 59512, R4, tab 9 at 1, 59513, 59514, R4, tab 10 at 8, 59516, R4, tab 8 at 5).

4. On 21 October 2014, appellant filed motions for summary judgment in these appeals. The government responded on 24 October 2014 with cross-motions for summary judgment.

## DECISION

In moving for summary judgment, appellant contends that the termination decisions at issue in ASBCA Nos. 59511, 59513, and 59515 were invalid contracting officer's final decisions which unfairly yoked appellant to a "90[-]day improper timeline submission...that was not initiated by a Contractor[']s claim" (59512, 59514, 59516, app. mots. at 3, 6). By way of relief, appellant requests the Board to declare the termination decisions to be invalid and permit appellant to submit a claim or claims relating to the terminated contracts to the contracting officer within six years pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109 (*id.* at 6). The government cross-moves for summary judgment, arguing that appellant has confused the 90-day appeal period set forth in § 7104(a) of the CDA with the six-year statute of limitations specified in § 7103(a)(4)(A), and that the government has the right to terminate contracts independently of any affirmative claim by a contractor (59512, 59514, 59516,

2

gov't cross-mots. at 5-7). Accordingly, the government requests the Board to deny these appeals in their entirety (*id.* at 7).

Summary judgment is appropriate when the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Here, there are no material facts in dispute. The only questions before us in these appeals are questions of law, which are appropriate for summary judgment.

It is well-settled that the decision to terminate a contract for default is considered to be a government claim against the contractor, and no affirmative claim by the contractor is required prior to the issuance of such a decision. *Amina Enterprise Group, LTD*, ASBCA Nos. 58547, 58548, 13 BCA ¶ 35,376 at 173,580 (default termination is a government claim and does not require a contractor to file a monetary claim for Board jurisdiction); *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764 (Fed. Cir. 1987) (default termination is deemed to be a decision by the contracting officer on a government claim). The fact that appellant had not submitted a claim or claims prior to the issuance of the termination decisions cannot render the decisions invalid.

## CONCLUSION

Appellant's motions are denied. The government's motions are granted. These appeals are denied.

Dated: 5 February 2015

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59512, 59514, 59516, Appeals of TTF, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4